NO. 14-1952

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

VALENTINE ANDELA,

Appellant,

v.

ADMINISTRATIVE OFFICE OF THE
UNITED STATES COURTS, ET AL.,

Appellees.

FEDERAL APPELLEES' OPPOSITION TO APPELLANT'S REQUEST FOR
EXPEDITED CONSIDERATION AND FOR SUMMARY ACTION AND
CROSS-MOTION FOR SUMMARY ACTION

ZANE DAVID MEMEGER
United States Attorney

MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

615 Chestnut Street
Philadelphia, PA 19106
(215) 861- 8470

JACQUELINE C. ROMERO
Assistant United States Attorney

Appellant, Valentine Andela, requests that this Court expedite his appeal pursuant to Local Appellate Rule ("L.A.R.") 4.1. Andela also asks the Court to grant him summary action, pursuant to L.A.R. 27.4, reversing the district court's decision to deny reconsideration of its order dismissing his FOIA claims. The federal appellees oppose this motion because Andela is neither entitled to expedited consideration of this appeal nor summary action in his favor. In addition, federal appellees cross-move for summary action, given that Andela has conceded that no appellate briefing is required in this case.

## FACTUAL BACKGROUND

All of Andela's claims arise out of his employment by the University of Miami and the University's subsequent termination of him.[1] Andela brought the present complaint in the Eastern District of Pennsylvania against the Administrative Office of the United States Courts ("AO"), the Equal Employment Opportunity Commission ("EEOC"), the United States Department of Education, Office of Civil Rights ("OCR"), and several unidentified employees of these federal entities. He alleges that these entities mishandled his employment discrimination claims against the University of Miami and engaged in a

---

[1] For a more detailed discussion of the underlying employment dispute and related litigation, see Andela v. University of Miami, 461 Fed. Appx. (11th Cir. 2012); Andela v. University of Miami, 692 F. Supp. 2d 1356 (S.D. Fla. 2010).

"conspiracy" to deprive him of his civil rights, and that the EEOC failed to provide him with certain information under the Freedom of Information Act ("FOIA").

On April 30, 2013, the district court sua sponte dismissed Andela's constitutional and tort claims, as well as his request for declaratory relief, against the AO, EEOC, OCR, and the unnamed appellees. Docket Nos. 4 and 5. On February 21, 2014, the district court dismissed the remaining FOIA claim against the EEOC after reviewing competing motions for summary judgment and hearing oral arguments during the January 30, 2014 Rule 16 conference. Docket No. 40. Andela requested reconsideration of the district court's February 21, 2014 order. See Docket No. 42. The district court denied this request for reconsideration on April 7, 2014. Docket No. 44.

On April 22, 2014, Andela filed a notice of appeal of the district court's April 30, 2013 orders, and the district court's April 7, 2014 order denying reconsideration. Docket Nos. 4, 5, and 44.[2] On that same day, Andela filed a motion requesting that the Court expedite the appeal pursuant to L.A.R. 4.1 and grant him summary action pursuant to L.A.R. 27.4 because "no appellate briefing (scheduling) is required in this appeal and pursuant to Third Circuit IOP 10.6 and FRAP 24(c)."

---

[2] Andela's notice of appeal erroneously refers to this order as Docket No. 43. The April 7, 2014 order is actually located at Docket No. 44.

## ARGUMENT

### I. Andela Is Not Entitled To Expedited Proceedings

L.A.R. 4.1 provides that a party seeking to expedite an appeal must set forth an "exceptional reason that warrants expedition." See, e.g., In re Walsh, 229 Fed. Appx. 58, 61 (3d Cir. 2007) ("[E]xpedition under Local Rule 4.1 requires an exceptional reason . . ."). Andela's motion, filed on April 22, 2014, summarily states that he is entitled to expedited consideration because of "manifest injustice." See Motion to Expedite, page 2. He sets forth no facts demonstrating "manifest injustice" or why his situation involves an exceptional reason when compared with other appellate cases. Id. Instead, he says that his claim is constitutional in nature, and for this reason alone, this appeal should be expedited. Id. He also argues that he is entitled to summary action, and for this reason, his case should be expedited. Id. at page 3. Given the lack of any factual support for Andela's arguments, federal appellees respectfully request that this Court deny Andela's request for expedited consideration because he has not set forth any exceptional reasons that would warrant expedition.

## II. Andela Is Not Entitled To Summary Action

L.A.R. 27.1 provides that a party may move for summary action alleging that "no substantial question is presented." By filing this motion, Andela has conceded that no substantial question is presented, and he states that no appellate briefing is necessary. Federal appellees agree.

Federal appellees, however, disagree with Andela's assertion that he is entitled to summary action in his favor (i.e. a reversal of the district court's order denying reconsideration). Andela appears to believe that because he filed a motion for leave to file a pre-trial memorandum (which the federal appellees did not oppose because it was premature at the Rule 16 stage of litigation), Docket No. 38, and because the district court allowed him to file the memorandum and called it an "uncontested motion for leave to file pretrial memorandum," Docket No. 39, that somehow the facts he asserted in this document became uncontested for purposes of summary judgment and he should have been granted summary judgment.

Andela is wrong. As the district court clarified in its order denying reconsideration, "[T]he court properly exercised its discretion in granting Mr. Andela's Motion for Leave to File as uncontested and properly refrained from granting his Summary Judgment motion as uncontested." Docket No. 44. page 2.

4

In fact, the EEOC was first to file a motion for summary judgment, Docket. No 34. Andela then filed a response to the EEOC's summary judgment motion on the day of the Rule 16 hearing, Docket No. 37 (leaving no time for the EEOC to respond before the hearing). Therefore, during the Rule 16 hearing, the EEOC argued its own motion for summary judgment, addressed Andela's response/cross-motion and opposed the cross-motion orally. Docket No. 36. So Andela's argument that his motion for summary judgment was uncontested is simply wrong.

In addition, Andela argues that there is a disputed fact that precluded the district court from granting summary judgment to the federal appellees – namely, whether the EEOC and Florida Commission on Human Rights ("FCHR") operated jointly. Notice of Appeal, page 2, para. 3. However, the district court was correct in noting that Andela raised this argument for the first time on reconsideration and that the district court had no evidence before it at the summary judgment stage indicating that the EEOC and the FCHR operated jointly. Docket No. 44, page 2.[3] Andela claims he was given no opportunity to present this evidence. Notice of Appeal, page 3, para. 3. However, Andela filed a cross-motion for summary judgment and was granted leave to file a pretrial memorandum, and he never raised

---

[3] Moreover, Andela offered no new evidence of this fact, other than his say so, in the reconsideration motion.

5

such an argument. Even in his motion for reconsideration, he offered no evidence to support this fact.

Therefore, because Andela has not raised any arguments that would entitle him to summary action in this appeal, the federal appellees respectfully request that this Court deny his motion for summary action.

III. <u>Federal Appellees Are Entitled To Summary Action</u>

The district court's April 30, 2013 memorandum and order, Docket Nos. 4 and 5, involve no substantial question for appeal. The district court dismissed most of Andela's claims for failure to state a claim or on jurisdictional grounds, and the merits of this decision can be analyzed by looking at the four corners of the complaint. The district court found that Andela's declaratory relief request sought to adjudicate past conduct, and as such, should be dismissed. Docket No. 4, page 6. This finding was correct. The district court also found that Andela's <u>Bivens</u>[4] claims should be dismissed because he could not state a claim for procedural or substantive due process violations. <u>Id.</u> at page 6-8. This finding was correct. The district court further found that Andela's constitutional claims under 42 U.S.C. §§ 1985 and 1986 were barred by sovereign immunity and for failure to state a claim. <u>Id.</u> at pages 8-10. These findings were correct. Finally, the district court

---

[4] <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971)

dismissed Andela's Federal Tort Claims Act claims because Andela named the wrong party, and even if given leave to amend, Andela would not be able to state a cognizable claim. Id. at pages 10-11. This finding was correct as well. For these reasons, the federal appellees respectfully move this Court to summarily affirm the April 30, 2013 decision.

The district court's April 7, 2014 order, Docket No. 44, denied Andela's request for reconsideration of the district court's decision to grant summary judgment in favor of the EEOC on Andela's remaining FOIA claim. The merits of this decision can be easily analyzed looking at the standard for reconsideration; therefore, this order involves no substantial question for appeal.

A party seeking reconsideration may prevail if it meets at least one of the following grounds for relief: 1) an intervening change in the controlling law; 2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or 3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). In this instance, the district court addressed each alleged error of law Andela raised in his motion, and the district court demonstrated why each issue did not involve an error of law. Docket No. 44, page 2. The district court further explained that Andela's new assertion that the

EEOC and the FCHR somehow acted jointly was never presented to the court at the summary judgment stage.[5] The district court's opinion demonstrates why the issues raised by Andela do not raise clear errors of law or fact. For these reasons, the federal appellees respectfully move this Court to summarily affirm the April 7, 2014 order of the district court.

---

[5] Andela also never asserted that this was new evidence that was somehow unavailable at the summary judgment stage.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

*Margaret L. Hutchinson /SRB for*
MARGARET L. HUTCHINSON
Chief, Civil Division
Assistant United States Attorney

*Jacqueline C. Romero*
JACQUELINE C. ROMERO
Assistant United States Attorney
615 Chestnut St., Suite 1250
Philadelphia PA 19106
215-861-8200
    Attorneys for Federal Appellees

Dated: April 29, 2014

## CERTIFICATE OF SERVICE

I do hereby certify that service of the within Federal Appellees' Opposition to Appellant's request for Expedited Consideration and for Summary Action and Cross-Motion for Summary Action was served by mailing a true and correct copy thereof, postage prepaid, on this 29th day of April, 2014 to:

>Valentine B. Andela, Pro Se
>924 Garrett Road, Apt. #404
>Upper Darby, PA 19082

JACQUELINE C. ROMERO
Assistant United States Attorney